IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| STEVEN KENNETH STALEY,  §<br>　　　*Petitioner,*　　　　§<br>　　　　　　　　　　　　　§<br>v.　　　　　　　　　　　§<br>　　　　　　　　　　　　　§　　No. 4:05-CV-185-Y<br>　　　　　　　　　　　　　§<br>DOUG DRETKE, Director,　 §<br>Texas Department of Criminal §<br>Justice, Correctional　　 §<br>Institutions Division,　　§<br>　　　*Respondent.*　　　　§ | |

### ORDER APPOINTING COUNSEL AND GRANTING STAY OF EXECUTION

On this day came on to be heard the Motion for Appointment of Counsel and Stay of Execution filed by Steven Kenneth Staley on March 17, 2005. For the reasons set out below, the motions for appointment of counsel and for stay of execution are both granted.

### *Nature of the Proceedings*

This is the second habeas-corpus proceeding filed by Staley to challenge his death sentence. The first was initiated by a motion for appointment of counsel and stay of execution filed on March 4, 1999. A stay of execution was granted, and counsel was appointed, along with an expert psychologists to evaluate Staley's mental health. Subsequently, Staley filed a petition that included a claim that he was incompetent to be executed. However at the time he filed his previous petition in this Court, he was not then facing imminent execution. Therefore, his claim was dismissed as premature in accordance with *Stewart v. Martinez-Villareal*, 523 U.S. 637, 644-45,

118 S.Ct. 1618, 140 L.Ed.2d 849 (1998). The remainder of his claims were denied.

Staley's present motions concern only his claim of incompetency to be executed, which was previously dismissed, without prejudice, as premature. Therefore, this proceeding is not "second or successive" as set forth in 28 U.S.C. § 2244(b). *See Stewart*, 523 U.S. at 644-45; *Slack v. McDaniel*, 529 U.S. 473, 486-87, 120 S.Ct. 1595, 1605-06, 146 L.Ed.2d 542 (2000); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867-68 (5th Cir. 2000).

### *Motion for Appointment of Counsel*

Section 848(q)(4)(B) of Title 21 provides:

> In any post conviction proceeding under section 2254 or 2255 of title 28 seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with paragraphs (5), (6), (7), (8), and (9).

The Supreme Court has construed this statute to grant indigent capital defendants a mandatory right to qualified legal counsel and related services in any federal post-conviction proceeding. *See McFarland v. Scott*, 512 U.S. 849, 854, 114 S.Ct. 2568, 2571, 129 L.Ed.2d 666 (1994). Having reviewed the motion to appoint counsel, the Court finds that Petitioner is entitled to the appointment of counsel by the provisions of 21 U.S.C. § 848(q)(4)(B). *See McFarland*, 512 U.S. at 855-58. The Court further finds that attorney Jack V. Strickland,

909 Throckmorton Street, Fort Worth, Texas 76102, (817-338-1000; fax 817-338-1020) possesses the background, knowledge, and experience to enable him to represent Staley with due consideration to the seriousness of the sentence and the unique and complex nature of the litigation, and is qualified and willing to accept this appointment as lead counsel. IT IS, THEREFORE, ORDERED that **Jack V. Strickland** be and he is hereby appointed lead counsel to represent **Steven Kenneth Staley**. Strickland is entitled to compensation in accordance with Volume VII, Chapter II, of the Guide to Judicial Policies and Procedures. He is directed to read the instructions to the form known as "CJA 30" in order to ensure proper compensation for time and expenses incurred in representing Staley. Strickland should also promptly contact Staley, investigate this matter, and determine the time for filing any petition for habeas-corpus relief in accordance with 28 U.S.C. § 2254.

### *Motion for Stay of Execution*

28 U.S.C. § 2251 provides, in part,

> A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.

In general, four factors should be used in determining whether to issue a stay of execution:

3

>     (1) whether the movant has made a showing of likelihood
>     of success on the merits, (2) whether the movant has made
>     a showing of irreparable injury if the stay is not granted,
>     (3) whether the granting of the stay would substantially
>     harm the other parties, and (4) whether the granting of
>     the stay would serve the public interest.

*Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981)(per curiam) ("*Ruiz I*"). In *Ruiz I*, the Fifth Circuit Court of Appeals tempered the first factor somewhat by holding that

>     on motions for stay pending appeal the movant need not
>     always show a 'probability' of success on the merits;
>     instead, the movant need only present a substantial case
>     on the merits when a serious legal question is involved
>     and show that the balance of the equities weighs heavily
>     in favor of granting the stay.

*Id.* This was clarified in *Ruiz v. Estelle*, 666 F.2d 854 (5th Cir. 1982)("*Ruiz II*").

>     Likelihood of success remains a prerequisite in the usual
>     case even if it is not an invariable requirement. Only
>     "if the balance of equities (i.e. consideration of the
>     other three factors) is ... heavily tilted in the movant's
>     favor" will we issue a stay in its absence, and, even then,
>     the issue must be one with patent substantial merit.

666 F.2d at 857 (quoting *Ruiz I*).

The application of this general rule is complicated by the fact that Staley's request is not made in connection with the filing of his petition for habeas-corpus relief. Instead, his motion for stay is filed in connection with his motion for appointment of counsel. The Supreme Court has determined, however, that once a capital defendant invokes his right to appointed counsel, a federal court also has jurisdiction under § 2251 to enter a stay of execution. *See McFarland*, 512 U.S. 858. But the Court was also careful to point

4

out that this was not an automatic right:

> This conclusion by no means grants capital defendants a right to an automatic stay of execution. Section 2251 does not mandate the entry of a stay, but dedicates the exercise of stay jurisdiction to the sound discretion of a federal court. Under ordinary circumstances, a capital defendant presumably will have sufficient time to request the appointment of counsel and file a formal habeas petition prior to his scheduled execution. But the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims. Where this opportunity is not afforded, "[a]pproving the execution of a defendant before his [petition] is decided on the merits would clearly be improper." *Barefoot*, 463 U.S., at 889, 103 S.Ct., at 3392. On the other hand, if a dilatory capital defendant inexcusably ignores this opportunity and flouts the available processes, a federal court presumably would not abuse its discretion in denying a stay of execution.

Id., (quoting *Barefoot v. Estelle*, 463 U.S. 880, 889, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)). Accordingly, this Court must be careful to avoid denying Staley an opportunity for his appointed counsel to meaningfully research and present this claim.

Although the state court entered its order on December 14, 2004, setting Staley's execution on March 23, 2005, it did not finally deny Staley's request for a hearing under TEX.CODE CRIM.PROC. art 46.05 to determine his competency to be executed until March 17, 2005, the same day that he filed his motions before this Court. This Court cannot, then, say that Staley has inexcusably ignored his procedural opportunities for review of his mental competency, or flouted available processes. Therefore, this Court determines that the requested stay is necessary for appointed counsel to meaningfully research and present his claim.

Further, although this Court's action in granting a stay might render the precise claim to be researched and presented technically moot, *see Stewart*, 523 U.S. at 644-45, this is the type of claim that is capable of repetition, yet evading review, because it appears that (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *See Spencer v. Kemna*, 523 U.S. 1, 17, 118 S.Ct. 978, 988, 40 L.Ed.2d 43 (1998); *Staley v. Cockrell*, 4:99-CV-186-Y, slip op. at 7, n. 2 (N. D. Texas Sept. 19, 2003). Therefore, the motion for stay of execution should be granted.

It is, therefore, ORDERED, ADJUDGED, and DECREED that the motion of **Steven Kenneth Staley** for a stay of his execution be, and it is hereby, GRANTED and his execution, presently set for March 23, 2005, is hereby STAYED until further order of this Court.

SIGNED March 22, 2005.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/rs:be