UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEVEN KENNETH STALEY,<br>  Petitioner, | §<br>§<br>§ | |
| V. | § | CAUSE NO. 4:05-CV-185-Y |
| RICK THALER, Director,<br>Texas Department of Criminal<br>Justice, Corrections Institutions Division,<br>  Respondent. | §<br>§<br>§<br>§ | DEATH PENALTY CASE |

## MOTION TO DISMISS AND ABATE CASE

TO THE HONORABLE TERRY R. MEANS, UNITED STATES DISTRICT JUDGE:

  Comes NOW, Steven Kenneth Staley, Petitioner, by and through the undersigned Counsel, and files this, Motion to Abate Case. In support of this Motion for Stay, STALEY would show the Court as follows:

  1. On March 15, 2012, this Court appointed the undersigned attorney as counsel for Petitioner in order to allow the preparation and filing of a petition under 28 U.S.C. §§ 2251 and 2254 regarding whether Petitioner was competent to be executed under *Ford v. Wainwright*, 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986). [Doc. #16.].

  2. By Order dated May 14, 2012, the Texas Court of Criminal Appeals stayed STALEY's execution until further Order of that Court. A copy of the Order from the Texas Court of Criminal Appeals is attached as Exhibit 'A'.

  3. The absence of a pending execution date makes any claim of incompetency under Ford to be moot and premature. Therefore, the appointment of counsel to prepare and file a petition has been rendered unnecessary by the withdrawal of such execution date.

4. Petitioner requests that all proceedings before this Court concerning this case be DISMISSED without prejudice to the refiling of same if a new execution date is set.

## PRAYER

Petitioner STALEY requests that this case be dismissed without prejudice to the refiling of same if a new execution date is set.

Respectfully submitted,

Stickels & Associates, P.C.
John W. Stickels
P. O. Box 121431
Arlington, Texas 76012
Phone: (817) 479-9282
Fax: (817) 622-8071


BY: /S/ John W. Stickels
     John W. Stickels
     State Bar No. 19225300
     Attorney for
     Steven Kenneth Staley

## CERTIFICATE OF CONFERENCE

I certify that on May 15, 2012, I discussed the Motion to Abate with Mr. Thomas Jones, counsel for Respondent. Mr. Jones stated that he is opposed to the filing of this Motion to Abate.

/S/ John W. Stickels
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2012, I served this document by on Texas Assistant Attorney General Thomas Jones.

/S/ John W. Stickels
Attorney for Defendant



IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

NO. WR-37,034-05

EX PARTE STEVEN KENNETH STALEY

ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS AND MOTION FOR STAY OF EXECUTION FROM CAUSE NO. C-2-009642-0387844-C IN THE CRIMINAL DISTRICT COURT NUMBER TWO

TARRANT COUNTY

*Per Curiam.* Meyers, J., *dissents.*

## O R D E R

This is a subsequent application for writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion for a stay of execution.

In April 1991, a jury found applicant guilty of the offense of capital murder. The jury answered the special issues submitted

pursuant to Texas Code of Criminal Procedure Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This Court affirmed applicant's conviction and sentence on direct appeal. *Staley v. State*, 887 S.W.2d 885 (Tex. Crim. App. 1994).

In October 1997, applicant filed in the trial court his initial post-conviction application for writ of habeas corpus. This Court denied him relief. *Ex parte Staley*, No. WR-37,034-01 (Tex Crim. App. Sept. 16, 1998)(not designated for publication). Applicant then filed a subsequent application in the trial court which this Court dismissed. *Ex parte Staley*, 160 S.W.3d 56 (Tex. Crim. App. 2005).

In the Spring of 2006, applicant filed in the trial court a motion pursuant to Texas Code of Criminal Procedure Article 46.05 challenging his competency to be executed. Because the trial court thereafter withdrew the scheduled execution date, the motion to stay the execution filed with this Court was dismissed as moot. *Ex parte Staley*, No. WR-37,034-03 (Tex. Crim. App. Apr. 12, 2006)(not designated for publication). In conjunction with the competency proceedings, the trial court issued an order on April 11, 2006, compelling applicant to submit to a medical examination to determine what medications should be prescribed to alleviate the symptoms of mental illness he was experiencing, and compelling him to comply with the medication regimen that was established.

In response to this order, applicant filed in this Court an application for a writ of mandamus and/or a writ of prohibition which this Court thereafter on June 7, 2006, denied him leave to file without written order. Applicant then appealed the trial court's order requiring him to submit to medication, which appeal this Court dismissed as a non-appealable interlocutory order. *Staley v. State*, 233 S.W.3d 337 (Tex. Crim. App. 2007).

On February 23, 2012, the trial court issued an order setting applicant's execution for May 16, 2012. On April 5, the State filed a motion for a competency evaluation, and the trial court appointed two experts to examine applicant. The court thereafter held a hearing, and on May 1, the trial court entered an order in which it found applicant to be competent to be executed. On May 7, 2012, applicant filed in the trial court the pleadings which are currently before us. In those pleadings, applicant asserts, among other issues, that the trial court erred in finding him competent and that his forced medication violates the constitutional prohibition against cruel and unusual punishment.

After reviewing applicant's pleadings, this Court has determined that his execution should be stayed. Applicant's execution is stayed pending further order by this Court. IT IS SO ORDERED THIS THE 14th DAY OF MAY, 2012.


Do not publish