IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| STEVEN DOUGLAS STALEY § § Petitioner, § § v. § § ERIC GUERRERO, Director, Texas Department of Criminal Justice, Correctional Institutions Division, § § § § Respondent. § § | CAUSE NO. 4:05-CV-185-Y DEATH PENALTY CASE |

## MOTION FOR SUBSTITUTION OF COUNSEL

Undersigned counsel asks this Court to substitute, under 18 U.S.C. §§ 3599(a)(2), (e), appointed counsel, John W. Stickels, with the Federal Public Defender of the Western District of Texas, because Mr. Stickels has been suspended from the practice of law due to professional misconduct. Undersigned counsel also asks that Assistant Federal Public Defender Donna Coltharp of the FPD's Capital Habeas Unit be listed as lead counsel for Petitioner Steven Staley. As counsel sets forth below, substitution serves the interests of justice.

### HISTORY OF THE CASE

Staley, who suffers from schizophrenia, was convicted of capital murder in 1991 and sentenced to death. The Texas Court of Criminal Appeals (TCCA) affirmed the conviction and sentence. *Staley v. State*, 887 S.W.2d 885 (Tex. Crim. App. 1994). The TCCA denied habeas relief. *Ex parte Staley*, No. WR-37,034-01 (Tex. Crim. App. Sept. 16, 1998). Staley filed a petition for habeas relief in this Court. Among his

claims was that he was incompetent to be executed under *Ford v. Wainwright,* 477 U.S. 399 (1986). The Court dismissed that claim, without prejudice, holding that it was premature but that Staley could re-file it after exhausting state procedures. *Staley v. Dretke*, No. 4:99-CV-186-Y, 2003 WL 22290536, at *10 (N.D. Tex. Sept. 19, 2003).

After the state trial court set a new execution date for March 23, 2005, Staley sought to refile the federal claim, ECF 1, and two days before the scheduled execution, this Court granted a stay to consider Staley's competency, ECF 4. The TCCA soon issued its own stay after Staley filed a successive habeas application in state court, claiming error under *Penry v. Johnson*, 532 U.S. 782 (2001). *See Ex parte Staley*, 160 S.W.3d 56, 58 (Tex. Crim. App. 2005). While state proceedings continued, this Court terminated federal proceedings, without prejudice. ECF 9, 13, 14. The TCCA dismissed the application on procedural grounds. *See Ex parte Staley*, No. WR-37,034-02 (Tex. Crim App. Apr. 27, 2005). In 2006, the state trial court ordered that Staley be forcibly medicated to render him competent to be executed. *See Staley v. State*, 233 S.W.3d 337, 337 (Tex. Crim. App. 2007) (dismissing interlocutory appeal of forcible medication order).

A new execution date was set for May 2012; this Court reopened proceedings and appointed attorney John Stickels to file a petition challenging Staley's competency. ECF 16, 17. However, the TCCA again stayed Staley's execution, and Stickels filed a motion to dismiss and abate the case. ECF 23. The Court granted the motion but held that Stickels "shall continue to represent Staley [ ] throughout every

2

subsequent stage of available judicial proceedings pursuant to 18 U.S.C. § 3599(e)." ECF 25.

The TCCA ultimately concluded that the trial court lacked statutory authority to order that Staley be forcibly medicated. *Staley v. State*, 420 S.W.3d 785, 799 (Tex. Crim App. 2013). The court further held that, "but for" the medication, Staley was incompetent. *Id.* The court remanded the case "to the trial court for periodic reevaluation" of Staley under Texas's statute regarding competency. *Id.* at 801 (citing Tex. Code Crim. Proc. art. 46.05(m)). Four judges dissented. *Id.* at 801-803 (Keller, P.J., Keasler, Hervey, Meyers, J.J., dissenting).

## SUBSTITUTION SERVES THE INTERESTS OF JUSTICE

Title 18 U.S.C. § 3599(a) guarantees that indigent capital defendants are provided appointed counsel, including in habeas corpus proceedings.[1] Section 3599(e) both provides that counsel appointed after judgment are obligated to continue under that appointment through any clemency proceedings, *Wilkins v. Davis*, 832 F.3d 547, 557-58 (5th Cir. 2016), and provides "that an attorney appointed under that provision may be 'replaced by similarly qualified counsel upon the attorney's own motion or upon the motion of the defendant.'" *Clair*, 565 U.S. at 657 (quoting 18 U.S.C. §3599(e)). A court may substitute original counsel "in the interests of justice." *Martel v. Clair*, 565 U.S. 648, 652 (2012). Substitution in this case meets that standard.

John Stickels is listed as counsel of record in this case, but he cannot represent Staley. This is so because, according to the State Bar of Texas website, he is no longer

---

[1] Stickels was appointed pursuant to § 3599, and Staley, who has been on death row for more than 30 years, is still indigent.

3

licensed to practice law. Between 2021 and 2024, Stickels was repeatedly cited by the State Bar's Grievance Committee, for violations ranging from failing to resubmit a writ of certiorari that had been rejected by the Supreme Court, failing to return advance payments when services were not rendered, failing to inform the client about legal matters, and failing to comply with Committee directives to provide clients and courts notice about the disciplinary action taken against him.[2]

In 2024, Stickels received an active 12-month suspension of his license, based on two judgments finding that, in 2019 and 2023, he, among other things, failed to account for his use of client funds and keep his client reasonably informed about the status of his case.[3] For each of these judgments, he was instructed to notify all current clients and opposing counsel in writing regarding his suspensions. Under the terms of the orders, the suspension continued until February 28, 2025.

Because of his failure to comply with the terms of these judgments, Mr. Stickels remains actively suspended from the practice of law. State Bar of Texas, *Find a*

---

[2] *See In the Matter of: John William Stickels*, No. 202001232 (State Bar of Texas, Dist. Grievance Comm., Agreed Judgment of Public Remand, Jan. 15, 2021); *Comm'n for Lawyer Discipline v. Stickels*, No. 202201802 (State Bar of Texas, Dist. Grievance Comm., Judgment of Partially Probated Suspension, Oct. 12, 2023); *Comm'n for Lawyer Discipline v. Stickels*, No. 202102916 (Dist. Grievance Comm., Agreed Judgment of Partially Probated Suspension, Oct. 25, 2023); *Comm'n for Lawyer Discipline v. Stickels*, No 202105466 (Dist. Grievance Comm., Agreed Judgment of Partially Probated Suspension, Oct. 25, 2023). (Attached, collectively, as Appendix A).

[3] *Comm'n for Lawyer Discipline v. Stickels*, Judgment of Active Suspension, No. 202203769 (Dist. Grievance Comm., Judgment of Active Suspension, Feb. 26, 2024); *Comm'n for Lawyer Discipline v John Stickels*, No. 202204259 (Dist. Grievance Comm., Judgment of Active Suspension, Feb. 26, 2024). (Attached, Collectively, as Appendix B)

*Lawyer*, Mr. John William Stickels (last visited September 4, 2025). In addition, on April 1, 2024, this Court imposed reciprocal discipline against Stickels, barring him from practicing in the Northern District of Texas until February 28, 2025.[4]

Because Stickels is ineligible to practice, Staley presently does not have counsel as contemplated by 18 U.S.C. § 3599(a). But even if Stickels's license were reinstated, he should not represent Staley. Defense counsel's obligations in a capital case are extensive. *See generally* Amer. Bar Assoc., ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases, 31 Hofstra L. Rev. 213 (2003). Adherence to ethical matters is of primary importance in capital representation. *See id.* § 8.1 (B)(6) (a legal representation plan for appointment of capital defense counsel should include training in "ethical considerations particular to capital defense representation"). Moreover, capital habeas counsel must have "demonstrated a commitment" to advocacy that is both "zealous" and of "high quality." *Id.* § 5.1(b); *cf.* Tex. Code Crim. Proc. art. 26.052(d)(2)(C) (counsel may not represent capital defendant if they have been found to have rendered ineffective assistance of counsel in capital case). Stickels's repeated failures to apprise his clients of legal matters—including the nature of the very cases they were charged with—suggests he has not demonstrated such a commitment.

Staley remains mentally unwell, and, by all appearances, has no one to perform even minimal assessments of his condition and needs on Death Row.

---

[4] *In re*: *John William Stickels*, No. 2:23-mc-00070-B (N.D. Tex. Apr. 1, 2024).

Attorney Coltharp attempted to visit Staley on September 2, 2025. He refused to come out for the visit. Coltharp was informed that Staley has not had a visitor in as long as anyone there could remember. She was also told that Staley is unwell, physically unkempt, and has "fingernails as long as talons."

### THE CAPITAL HABEAS UNIT IS QUALIFIED FOR THIS APPOINTMENT.

In May 2017, the Court of Appeals for the Fifth Circuit approved the creation of two Capital Habeas Units, one in the Federal Defender Office for the Northern District of Texas, and the other in the Western District's Austin Defender Office. The Fifth Circuit provided that "[t]hese units will represent capital habeas petitioners in federal courts state-wide, including the Southern and Eastern Districts of Texas." Letter from Kyle M. Boudreau, Assist. Cir. Exec., to Cait T. Clarke, Chief, Defender Services Office, dated May 17, 2017.

At present, the CHU is staffed by four assistant federal defenders and one research and writing attorney, all with capital habeas experience. Coltharp, the attorney who will be assigned to the case, has broad appellate and post-conviction experience in federal and state capital representation and has represented clients diagnosed with schizophrenia in post-conviction matters, including matters regarding competency to be executed. *See Panetti v. Lumpkin*, No. 1:04-cv-00042-RP (W.D. Tex.). She is licensed in Texas and admitted to practice in this Court, the Court of Appeals for the Fifth Circuit, and the Supreme Court.

Counsel has spoken with Jeremy Schepers, supervisor of the Capital Habeas Unit for the Federal Public Defender of the Northern District, who has authorized counsel to say that the Northern District is at full case capacity, is unable to represent

6

Staley, and supports the appointment of the Federal Public Defender for the Western District.

## CONCLUSION

For these reasons, Staley requests that the Court substitute the Federal Public Defender for the Western District of Texas for attorney John Stickels in this case, and designate attorney Donna F. Coltharp as lead counsel.

## CERTIFICATE OF CONFERENCE

On September 4, 2025, undersigned counsel conferred with counsel for Respondent, Deputy Attorney General Tomee Heining, who authorized Petitioner to state that Respondent does not oppose the relief sought in this Motion.

DATED: September 5, 2025

        Respectfully submitted,

        MAUREEN FRANCO
        FEDERAL PUBLIC DEFENDER

        /s/Donna F. Coltharp
        DONNA COLTHARP

        Federal Defender Office
        919 Congress, Suite 950
        Austin, Texas 78701
        737-207-3007 (tel.)
        512-499-1584 (fax)

        Attorneys for Petitioner

## CERTIFICATE OF SERVICE

    I hereby certify that on the 5th day of September, 2025, I electronically filed the foregoing Motion for Substitution of Counsel with the Clerk of Court using the CM/ECF system which will notify all counsel of record of this filing.

                                        /S/ Donna F. Coltharp
                                        DONNA COLTHARP

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| STEVEN DOUGLAS STALEY, | § § | |
| Petitioner, | § § | |
| v. | § § § | CAUSE NO. 4:05-CV-185-Y |
| ERIC GUERRERO, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | DEATH PENALTY CASE |
| Respondent. | § § | |

## O R D E R

On this date this Court considered Petitioner's Motion for SUBSTITUTION OF COUNSEL. The Court, after considering the motion, finds that it should be GRANTED. Accordingly, it is ORDERED that the Federal Public Defender of the Western District of Texas is substituted for attorney John Stickels and is appointed under 18 U.S.C. § 3599. Attorney Donna F. Coltharp shall be designated lead counsel.

Signed this _____ day of _____, 2025.

HONORABLE TERRY MEANS
UNITED STATES DISTRICT JUDGE